**Jorge CARVALHO, on his own behalf and others similarly situated, Plaintiff,**

v.

**DOOR–PACK, INC., a Florida Corporation, Broward Mobile Caterers, Inc., a Florida Corporation, and Marco Dilella, individually, Defendants.**

**No. 08–60340–CIV.**

United States District Court, S.D. Florida.

May 23, 2008.

Andrew Frisch of Morgan & Morgan, P.A., Davie, FL, for Plaintiff.

Dion Cassata of Cassata & Hanson, P.L., Fort Lauderdale, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiffs Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction (dkt # 13).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

Plaintiff Jorge Carvalho ("Carvalho") brings this action for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). In Defendants' Answer to the complaint (dkt # 8), Defendants assert counterclaims for defamation and tortious interference with business relationships based on statements allegedly made by Carvalho. Defendants claim that these statements ultimately resulted in investigations of Defendants' business operations by various government agencies. Carvalho contends that the counterclaims should be dismissed because they are not claims over which supplemental jurisdiction may be exercised. Defendants' relied only on supplemental jurisdiction as a jurisdictional basis for the counterclaims.

## II. ANALYSIS

Title 28 U.S.C. § 1367 provides, in relevant part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The Supreme Court of the United States has indicated that the limit of Article III jurisdiction extends at least to "any claim so related to a federal claim that the two claims 'derive from a common nucleus of operative fact.'" *Kirby v. Tafco Emerald Coast, Inc.,* 05CV341 (RV), 2006 WL 228880, at *2 (N.D.Fla.2006) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Defendants' state law claims do not derive from a common nucleus of operative facts with Carvalho's FLSA claim. The FLSA claim deals only with the Plaintiff's alleged entitlement to overtime compensation. The operative facts upon which the claim depends include Defendants' status as an employer covered by the FLSA, Plaintiffs status as an employee of Defendants, and the number of hours Plaintiff worked each week. The facts underlying Defendants' counterclaims for defamation and tortious interference with business relationships are entirely distinct from the facts underlying Plaintiff's FLSA claim. *See Jorge v. Sunnyside Apartments, Inc.,* 8:07–cv–1191–T–24 (SCB), 2007 WL 4150956, at *1 (M.D.Fla.2007) (finding no supplemental jurisdiction over vague counterclaims to plaintiff's FLSA claim); *Kirby v. Tafco Emerald Coast, Inc.,* 05CV341 (RV), 2006 WL 228880, at *2 (N.D.Fla. 2006) (finding no supplemental jurisdiction over breach of contract and failure to pay promissory note counterclaims to plaintiffs FLSA claim); *Lecik v. Nost,* 05 CV 1040 ORL (KRS), 2005 WL 3307192, at *2–3 (M.D.Fla.2005) (finding no supplemental jurisdiction over breach of contract counterclaim to plaintiffs FLSA claim).

Although Defendants' counterclaims rely only on supplemental jurisdiction, Defendants' assert in the Response to Plaintiff's Motion to Dismiss (dkt # 16) that diversity jurisdiction exists. However, Defendants' have not alleged facts sufficient to support an assertion of diversity jurisdiction and failed to plead reliance on diversity as a basis for jurisdiction. Therefore, in the absence of supplemental jurisdiction or a proper assertion of diversity jurisdiction, this Court lacks subject matter jurisdiction over Defendants' counterclaims.

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Defendants'

Counterclaims for Lack of Subject Matter Jurisdiction (dkt # 13) is GRANTED.